HOOPER *et al.* v. BEECHER *et al.*

(*Supreme Court, General Term, First Department.* February 11, 1891.)

TRIAL—ESTOPPEL BY STIPULATION.

    After filing a stipulation that the case be set down for trial on a day certain, plaintiffs are estopped from asserting, when the case is reached on the calendar, that it is not in a condition to be tried, and defendants are not bound to recognize a new notice of trial served by plaintiffs subsequent to such stipulation, nor will such notice have effect by reason of defendants' failing to return the same within 24 hours.

Appeal from special term, New York county.

Action by Nathaniel Hooper and others against Charles McCullough Beecher and others. Plaintiffs appeal from the order denying a motion for postponement of the trial.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.
*Franklin Bien,* for appellants.  *Bangs, Stetson, Tracy & MacVeagh,* (*C. E. Tracy,* of counsel,) for respondents.

VAN BRUNT, P. J.  A new trial of this action having been ordered by the court of appeals, the case was restored to the calendar, and noticed for trial by the defendants for the April term, 1890, and the same duly placed upon the calendar.  In August, 1890, an amended complaint was served, and an answer thereto made in October, 1890, and a reply was also served in the same month.  On the 8th of December, 1890, the parties filed a stipulation with the clerk, setting the case down for trial on the second Monday of January, 1891.  When the case was reached upon the calendar of the special term, the plaintiffs served a notice of trial for the first Monday of February, which notice was retained by the attorney for the defendants, and moved to strike the case from the calendar, on the ground that, new issues having been framed, it was necessary to serve a new notice of trial, and to file a new note of issue.  The motion was denied, and the case set down for trial on the 16th of January, on which day the motion was renewed and denied, and from the order thereupon entered this appeal was taken.  It seems to us clear that, by the giving of the stipulation setting the case down for trial on a given day, the plaintiffs are estopped from asserting that the case was not in a condition to be tried upon the day upon which they agreed to try the same.  The objection that the notice of trial was received and retained, and not returned within 24 hours, cannot avail the appellants, because they had notice, at the time of the service of this notice of trial, that the defendants were insisting upon the trial, and claiming the right to a trial, because of the stipulation made in December, 1890, and that the right to a trial did not depend upon the service of a new notice of trial.  This was giving the plaintiffs clear and definite notice that the notice of trial which was then served would not be recognized, and he was not in any degree misled by reason of its retention. We think, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements.  All concur.